In the Matter of WILLIAM H. CAMPBELL, Appellant, *v.* MAURICE REICHMAN, as Acting Commissioner of Rent and Housing Maintenance, Respondent.

First Department, November 19, 1970.

*William M. Hecht* of counsel (*David J. Agatstein* with him on the brief), for appellant.

*Julius A. Copeland* of counsel (*Harry Michelson* with him on the brief; *Daniel W. Joy,* attorney), for respondent.

*Per Curiam.* Petitioner purchased the premises here involved, an eight-family apartment building in Manhattan, in January, 1967. Petitioner now occupies an apartment in the building, which he obtained by a certificate of eviction granted on May 5, 1967, upon his good faith application that he would occupy the apartment for his own personal use and occupancy as a dwelling accommodation. In April, 1969 petitioner sought another certificate of eviction to obtain possession of the subject three-room terrace apartment for occupancy by his 80-year-old mother. The certificate of eviction was sought pursuant to section 55 of the Rent, Eviction and Rehabilitation Regulations which provides: " A certificate shall be issued where the landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own use and occupancy or for the use and occupancy of his immediate family ". The petitioner's mother currently resides in Syracuse in a two-family house which she owns. She has resided in Syracuse since 1927.

The factor that allegedly precipitated petitioner's decision to have his mother live in the subject premises was that on December 29, 1968 the latter fell while shopping and as a result suffered various injuries. After her fall, her physician advised that it would be desirable for the mother to live in closer proximity to a member of her family.

The respondent found that " based upon the entire evidence of record  *  *  *  that the landlord is not proceeding in good faith to obtain possession of the subject apartment." Special Term in dismissing the petition found that " there is substantial evidence in the record to support the determination."

We agree with the decision at Special Term. A review of the record shows that since the premises were acquired by petitioner in January, 1967 numerous vacancies have occurred. Indeed, it appears that the occupant of the subject apartment is but one of the two remaining tenants of the original complement which occupied the premises at the time the petitioner purchased the building. As stated above, the petitioner on May 5, 1967 secured the eviction of another tenant in order that petitioner might utilize that apartment for his own personal use. While petitioner notified the tenants in a letter dated January, 1968 that he had become an occupant, the record indicates that petitioner was residing elsewhere at that time and continued to reside elsewhere for a substantial period of time thereafter. Also revealed in the record is the fact that the

tenant herein filed a complaint in September, 1967 against the landlord alleging that the latter had been harassing the tenant and making demands for an increase in rent.

With regard to the petitioner's statements concerning the need for the subject apartment by his mother, as above mentioned, it appears that petitioner's decision to have his mother reside in the subject building was prompted by his mother's fall in December of 1968. However, there is evidence to show that petitioner's mother had fallen on prior occasions and in November, 1968 was ill with the flu—all to the knowledge of the petitioner. Yet, petitioner did not see fit to utilize either of the two apartments which were available in the building in November, 1968. Instead, petitioner leased those apartments at substantial increases in rent. Nor did petitioner's evidence concerning the fall in December, 1968 necessitate a conclusion that such constituted a change affecting the needs of the mother or that there then existed an immediate and compelling necessity for the apartment. Indeed, Mrs. Campbell's personal physician stated that as of May 29, 1969 she " enjoyed good health and  *  *  *  had no serious illnesses." It therefore appears that there was no change in circumstances between November, 1968 when other apartments were available for occupancy and December, 1968 when the petitioner's mother fell. The failure to use an existing vacancy is some evidence with regard to the lack of good faith. (*Matter of Bromberg* v. *McGoldrick,* 281 App. Div. 1038; 282 App. Div. 714, affd. 306 N. Y. 690.)

In all, considering the history of the premises since petitioner took title, the alleged reasons for now needing the subject apartment, the failure to use other available apartments, we find that the respondent's determination had a reasonable basis in the record. The determination having a reasonable basis in the record, the court may not substitute its judgment for that of the Rent Administrator. (*Matter of Colton* v. *Berman,* 21 N Y 2d 322; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 105; *Matter of Eastman* v. *Berman,* 27 A D 2d 914.)

Accordingly, the judgment entered March 20, 1970, should be affirmed with costs and disbursements to the respondent.

NUNEZ, J. (dissenting). I find no evidence in the record to support the determination of the Department of Rent and Housing Maintenance that the petitioner landlord in seeking to recover an apartment for the use of his aged mother is not acting in good faith and that there is no immediate and compelling necessity to provide the housing sought.

Petitioner landlord is the owner of an eight-family apartment building in Manhattan. He applied for a certificate of eviction for one of his apartments for the use and occupancy of his mother, 80 years of age and a widow who lives alone in a two-family house in Syracuse, New York. His mother has no living relatives in Syracuse. Her only other son lives in Denver, Colorado. In December of 1968 she sustained head injuries in an accident. Her physicians have expressed the opinion that as a result of her injuries and her advanced age, she should be living in closer proximity to some responsible member of her family. Her son desires to have his mother move into his house and live there rent free for the remainder of her life. He occupies another apartment in the same premises. He is an attorney at law and does not own any other real property.

The law provides that "A certificate *shall be issued* where the landlord seeks in good faith to recover possession of a housing accommodation because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family" (emphasis mine). (N. Y. C. Administrative Code, § Y51–6.0 as restated in section 55 of the Rent, Eviction and Rehabilitation Regulations.)

There is not one word in this record to put in doubt the son's good faith and the compelling necessity of his ailing and aged mother to live in the same house with her son. The judgment should be reversed and the Commissioner of Rent and Housing Maintenance should be directed to issue the certificate of eviction.

STEVENS, P. J., STEUER and TILZER, JJ., concur in *Per Curiam* opinion; NUNEZ, J., dissents in opinion.

Judgment, Supreme Court, New York County entered on March 20, 1970, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal.